## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN WIMBUSH | * |
| 1409 Elkwood Lane | * |
| Capitol Heights, Maryland 20743 | * |
| | * |
| And | * |
| | * |
| JANINE BAILEY | * |
| 1714 Shady River Court, Suite 223 | * |
| Woodbridge, Virginia 22192 | * |
| | * |
| PLAINTIFFS | * |
| | * |
| v. | *  Case No.: |
| | * |
| NEIGHBORHOOD RESTAURANT GROUP XII, LLC | * |
| 550 Penn Street, NE | * |
| Washington, DC 20002 | * |
| | * |
| SERVE:  National Registered Agents, Inc. | * |
| 1015 15th Street, Suite 1000 | * |
| Washington, DC 20005 | * |
| | * |
| DEFENDANT. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs Shawn Wimbush and Janine Bailey (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their Complaint against Defendant Neighborhood Restaurant Group XII, LLC ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of Maryland and Virginia who, at all times relevant to this action, performed work duties for Defendant (more than 50%) in the

District of Columbia.

2.      By participating as named plaintiffs in this action, Plaintiffs hereby affirm their consent to participate in an action under the FLSA and DCMWA.

3.      At all times during Plaintiffs' employment, Defendant served food products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

4.      On information and belief, each year during Plaintiffs' employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

5.      At all times during Plaintiffs' employment, Plaintiffs and at least two other individuals employed by Defendant, while engaged in their employment duties, handled, sold, and otherwise worked on goods and materials (namely food products) that were moved in or produced for commerce thus Plaintiffs was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6.      Pursuant to the foregoing, at all times, Defendant was Plaintiffs' "employer" for purposes of the FLSA and the DCMWA.

7.      This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

8.      Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

10.     Plaintiffs were employed by Defendant with the primary work duties as donut and other food product preparers performing their work duties for Defendant primarily in Washington, D.C.

11.     Plaintiffs were employed by Defendant for the following approximate time periods:

Shawn Wimbush:     July 2012 – September 2015;

Janine Bailey:     April 2013 – September 2015.

12.     While in Defendant's employ, Plaintiffs' exact hours worked varied slightly from week to week.

13.     While in Defendant's employ, Plaintiffs regularly worked more than forty (40) hours per week.

14.     While in Defendant's employ, Plaintiffs regularly worked more than forty-five (45) hours per week.

15.     While in Defendant's employ, Plaintiffs regularly worked more than fifty (50) hours per week.

16.     Defendant paid Plaintiffs as salaried employees.

17.     The FLSA and DCMWA require employers to keep accurate employment records reflecting the hours employees work and the rate and method at employees are paid. *See* 29 U.S.C. § 211(c); D.C. Code 32–1008(b).

18.     If an employer fails to keep accurate employment records, an employee with an FLSA or DCMWA claim may satisfy his burden by proving that he has in fact

performed work for which he was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–88 (1946)).

19.     In such a situation where the employer has failed to keep accurate employment records, the burden shifts to the employer to show the exact amount of work performed by plaintiffs or to negate the reasonableness of the inference derived from plaintiffs' evidence. *Anderson,* 328 U.S. at 687–688.

20.     If an employer fails to produce evidence to rebut the employee, the Court may award damages, even if the award is only approximate. *Anderson,* 328 U.S. at 687–688.

21.     During the course of Plaintiffs' employment with Defendant, Defendant failed to keep or maintain accurate records recording the exact number of hours Plaintiffs worked each day and week and the rate at which Plaintiffs were compensated.

22.     Plaintiffs do not have in their possession documents reflecting the exact number of hours Plaintiffs worked each week.

23.     It is Plaintiffs' reasonable estimation and belief, based on first-hand knowledge that at all times during Plaintiffs' employment, Plaintiffs regularly worked all hours as set forth above.

24.     At all times during Plaintiffs' employment, Defendant had knowledge that Plaintiffs typically and consistently worked more than forty (40) hours per week.

25.     At all times during Plaintiffs' employment, Defendant had knowledge that Plaintiffs worked all hours set forth above and that Defendant suffered or permitted Plaintiffs to work all hours herein alleged.

26.     The maximum-hours provision of the FLSA requires employers to pay any

employee who is covered by the Act "not less than one and one-half times the *regular*

*rate* at which he is employed" for all hours worked in excess of forty in a week. 29

U.S.C. § 207(a)(1) (emphasis supplied).

27.     The "regular rate" of pay for FLSA purposes is an "actual fact" that "must

be drawn from what happens under the employment contract," rather than from any

agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties

have decided upon the amount of wages and the mode of payment[,] the determination of

the regular rate becomes a matter of mathematical computation, the result of which is

unaffected by any designation of a contrary, 'regular rate' in [a] wage contract [ ]."

*Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424-25 (1945).

28.     Where there is a clear mutual understanding of the parties that the fixed

salary is compensation (apart from overtime premiums) for the hours worked each

workweek, whatever their number, rather than for working 40 hours or some other fixed

weekly work period, such a salary arrangement is permitted by the Act *if* the amount of

the salary is sufficient to provide compensation to the employee at a rate not less than the

applicable minimum wage rate for every hour worked in those workweeks in which the

number of hours he works is greatest, *and if* he receives extra compensation, in addition

to such salary, for all overtime hours worked at a rate not less than one-half his regular

rate of pay.  *Hunter v. Sprint Corp.,* 453 F.Supp.2d 44, 58 (D.D.C. 2006).

29.     At no time during the period of Plaintiffs' employment did Plaintiffs and

Defendant reach, or even engage in any discussions relating to, a clear and mutual

understanding that Plaintiffs' salary was intended to compensate Plaintiffs at a regular

non-overtime rate of pay for hours worked each week less than forty (40) and at a different overtime rate of one-and-one-half (1½) times Plaintiffs' rate of pay for hours worked each week in excess of forty (40).

30.    At no time during the period of Plaintiffs' employment did Defendant ever, in addition to Plaintiffs' flat salary, pay extra wages to Plaintiffs for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiffs' regular rate of pay.

31.    In legal truth, Defendant paid Plaintiffs their flat salary for only non-overtime hours worked each week (those less than forty (40)) and paid Plaintiffs no wages at all for hours worked each week in excess of forty (40).

32.    Defendant should have paid Plaintiffs at the rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked each week in excess of forty (40).

33.    At no time during Plaintiffs' employment did Plaintiffs perform work duties that would make Plaintiffs exempt from the overtime requirement of the FLSA or DCMWA.

34.    On information and belief, at all times during Plaintiffs' employment, Defendant had actual knowledge of the FLSA and DCMWA overtime pay requirement and had actual knowledge that its failure to pay Plaintiffs' overtime wages as required by Federal and District of Columbia law was in direct violation of the FLSA and DCMWA.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**

35.    Plaintiffs re-allege and reassert each and every allegation set forth above,

as if each were set forth herein.

36.    The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

37.    At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiffs' "employer" under FLSA, 29 U.S.C. § 207(a)(2).

38.    Defendant, as Plaintiffs' employer, was obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate for all hours worked per week in excess of forty (40).

39.    As set forth above, while in Defendant's employ, Plaintiffs worked in excess of forty (40) hours per week on a regular basis.

40.    As set forth above, Defendant failed to pay Plaintiffs any wages for all overtime hours worked each week in excess of forty (40).

41.    Defendant's failure to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

42.    Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

43.     Plaintiffs were Defendant's "employees," and Defendant was Plaintiffs' "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

44.     Defendant, as Plaintiff's employer under the DCMWA, was obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40).

45.     As set forth above, while in Defendant's employ, Plaintiffs regularly worked more than forty (40) hours per week.

46.     As set forth above, Defendant wholly failed to pay Plaintiffs any wages for all overtime hours worked each week in excess of forty (40).

47.     Defendant's failure to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II, for all unpaid wages in such amounts as are proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment Act

48.     Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

49.     Plaintiffs were "employees" and Defendant was Plaintiffs' "employer" within the meaning of the DCWPA.

50.     Under the DCWPA, Defendant was obligated to pay Plaintiffs all wages earned and owed for work that Plaintiffs performed.

51.     "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A)
Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and
(E) Other remuneration promised or owed: (i) Pursuant to a contract for employment,
whether written or oral; (ii) Pursuant to a contract between an employer and another
person or entity; or (iii) pursuant to District or Federal law."

52.     Plaintiffs performed work duties for Defendant's benefit as set forth above
for which Defendant failed to pay Plaintiffs all wages earned and required by Federal and
District of Columbia law.

53.     Defendant owes Plaintiffs wages for work duties performed as set forth
above.

54.     Defendant's failure to pay Plaintiffs wages as set forth above constitutes a
violation of Plaintiffs' right to receive wages as guaranteed by the DCWPA.

55.     Defendant's failure to pay Plaintiffs all wages earned, owed, and required
by law as required by the DCWPA was knowing, willful and intentional, was not the
result of any *bona fide* dispute between Plaintiffs and Defendant, and was not in good
faith.

WHEREFORE, Defendant is liable to Plaintiffs under Count III, for all unpaid
wages in such amounts to be proven at trial, plus liquidated damages as provided by
statute ((4x) quadruple damages), interest (both pre- and post-judgment), attorney's fees,
costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*